Rufino Rodríguez Domínguez, Plaintiff and Appellee, *v.* Carmen Sánchez Martínez et al., Defendants and Appellants.

No. 6709. Argued March 8, 1935.—Decided March 12, 1935.

R. *Rodríguez Alberty* for appellants. *Juan B. Soto* and *Juan F. Soto* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Rufino Rodríguez Domínguez brought suit before the District Court of San Juan against Carmen Sánchez Martínez and Rafael López Cepero, to compel the defendants to execute certain explanatory deeds.

He alleged, in short, that on March 13, 1917, and prior thereto, the defendants were co-owners of a lot and house described and that the defendant Carmen Sánchez also owned another house situated on the same lot; that on April 13, 1917, and by public deed the defendants sold to Successors

of Pérez Hermanos, *S. en C.*, their undivided interest in the house and lot and the defendant Sánchez also sold to that firm the other house, all for the total sum of $2,300, $1,700 corresponding to the defendant Sánchez and $600 to the defendant López Cepero; that the deed did not duly describe the lot and demand having been made on the defendants to clear up the point, they refused to do so and when the pur- chasing partnership was liquidated the aforesaid properties were awarded to its managing partner, the plaintiff herein, in partial payment of his interest.

As a second cause of action plaintiff alleged that on Octo- ber 13, 1916, the defendant Sánchez sold to the plaintiff for the sum of $1,000 a frame house and the lot pertaining thereto, situate on Brumbaugh Street in the town of Río Piedras, and that the deed executed to that end did not duly describe the lot, for which reason demand was made on the defendant to execute the corresponding explanatory deed and she refused to do so.

The defendants appeared separately and presented demurrers for nonjoinder of parties defendant, misjoinder of causes of action, and insufficiency, the latter demurrer being based on the prescription of the action brought, in accordance with the provisions of section 1865 of the Civil Code, 1911 ed.

The court overruled the demurrer based on the non- joinder of parties defendant and sustained those based on the misjoinder of causes of action and insufficiency by reason of prescription. It held that a personal action being in- volved, the same should have been brought within the term of fifteen years, and as in its opinion the complaint could not be amended, judgment was rendered dismissing the same, with costs.

The judgment was recorded on March 6, 1934, and on the 12th of the same month plaintiff requested that the same be reconsidered in so far as the provision for costs was

concerned. On the following day the court reconsidered its judgment accordingly, in the following terms:

"Upon the motion for reconsideration presented by the plaintiff, the court, taking into consideration that there has been no obstinacy (*temeridad*) on the part of the plaintiff in the prosecution of this suit, reconsiders its judgment rendered herein solely as regards the provision for costs, so that each party must pay his own costs."

Feeling aggrieved by that decision, the defendants took the present appeal. They have assigned in their brief three errors committed, as they claim, by the court in reconsidering its judgment, by amending it totally in so far as the provision for costs was concerned; in taking such action without hearing the defendants; and in holding that there was no obstinacy on the part of the plaintiff.

██ The principle that every court has power to amend and control its processes and orders so as to make them conformable to law and justice, is acknowledged by the Code of Civil Procedure in section 7, subdivision 8.

Here the amendment of the judgment was made during the term, and this Supreme Court, following the well-established rule on the matter, has held that the courts of Puerto Rico may amend their judgments in any form during the term at which they were rendered. *Marvin & Jones, Inc.* v. *Torres et al.,* 19 P.R.R. 46. "A court," it is said in 34 C. J. 207, "has full control over its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgments. This was the rule at common law, and it prevails in almost all jurisdictions."

██ As regards the power of the court there is, then, no question. The question arises with regard to the procedure followed in exercising such power. The court may act on its own initiative or at the request of an interested party. In the case at bar it acted at the request of the plaintiff, without notice on the defendants. Could it do so?

"A motion for reconsideration," this Supreme Court said in *Calaf* v. *Gallardo,* 36 P.R.R. 131, 133–34, "is generally an *ex parte* matter. If in a case the court decides to overrule it, then there is no reason to hear the other side and the case is disposed of more rapidly. If the court has some serious doubts, in one form or another, it will give the opposite party a chance to be heard." See also *Ferrari* v. *American Railroad Co.,* 39 P.R.R. 44.

The procedure followed in this court when the reconsideration of its judgments is requested, is indicated in the latter decision. If the court is convinced that the reconsideration does not lie, it immediately overrules the motion without hearing the opposite party. If, on the contrary, an examination of the motion convinces the court that reconsideration lies, it immediately sustains the same without hearing the opposite party, by setting aside its judgment totally or partially, as the case may be, and sets a new date for hearing the parties and deciding anew in due course the question raised. It may then enter the same judgment rendered before or a different one. It acts on the merits of the case.

In other instances, if the examination of the motion for reconsideration only raises more or less strong doubts, the court sets a day to hear the parties on the merits of the motion and subsequently decides. If the motion is sustained, the case is reinstated as above indicated. Occasionally, to save time, the parties are advised that if the court agrees to reconsider, it will decide the case finally, without setting a new hearing on the merits. The parties may then exhaust their arguments at the hearing on the motion knowing what the intention of the court is.

The court thus exercises its power, but always gives an opportunity to the parties to defend their rights.

There is not the slightest doubt that in the case at bar the district court had authority to reconsider the provision in regard to costs contained in the judgment, but

it had already rendered its decision, had granted the defendants the right to recover the costs which they had incurred in their defense, and even if the term had not elapsed, we think that, in general, the court should not have acted finally without hearing them, or should have reconsidered the pronouncement of costs by simply setting it aside in order to hear both parties and then making a final determination. There was involved, not the correction of a mere error, but the alteration of a substantial pronouncement.

The decisions are not entirely uniform. They are summarized in 34 C. J. 246 thus:

"As a general rule a judgment cannot be amended in a material particular unless due and proper notice of the application therefor has been given to the opposite party, so that he may have an opportunity to appear and show cause against the proposed correction. It has been held, however, that an amendment may be made without notice during the same term at which the judgment was rendered, but that notice is necessary to an amendment at a subsequent term. It has also been held that formal or clerical amendments, based entirely upon matters appearing in the record, or resting in the recollection of the judge, may be made at any time without notice, but that amendments based on evidence aliunde may be made only after notice, and in the absence of notice, the proceedings for amendment or correction are void. In other jurisdictions, it has been held that before the judgment has been entered of record the court may change its rulings of its own motion and without notice, and direct a different judgment, but that after the judgment has been entered the court may not change the record without notice even at the same term. The notice, if required, must be sufficient in form and substance to inform the party of the time and purpose of the proceeding. Written notice is not always required. Actual notice may supply the place of formal notice. Appearance at the hearing waives the absence of, or defects in, the notice of the application. Service of notice must be on the party or his attorney of record. Where the time of notice is prescribed by statute or rule of court, failure to give the required notice is fatal to the order amending the judgment."

■ Now, is this an error which necessarily produces the reversal of the judgment? We do not think so. The merits

of the case are before us. They have been raised by the third assignment of error and the decision to be finally rendered by us will depend upon the determination of such assignment.

The course pursued by the parties is known to us. When the complaint was brought the defendants interposed three demurrers thereto. One was overruled and two sustained. The complaint could have been subject to amendment if it had not been held that the action was barred.

After a more thorough consideration of its previous rulings, the trial court finally held that the plaintiff had not been obstinate. We have heard the arguments submitted by the plaintiff and the defendants both orally and in writing. The defense of prescription is perfectly legal and on many occasions it aids in the restorative work of justice. It is a salutary, practical, and beneficial provision. In fixing its scope, account has been taken of the character, extent, and importance of the right or action regulated in each case and of the manner in which men conduct themselves in their dealings with each other. It tends to expedite and to put an end to litigation. But the defense may be waived. It may be pleaded or not by the party in whose favor it exists and if not pleaded, the action of the plaintiff, except in very few cases, subsists and may be acknowledged and enforced by the courts of justice. Hence a plaintiff who brings an action which may be abated if the defendant sets up prescription in his favor, should not be considered obstinate in all cases. Each case must be judged in accordance with the attendant circumstances; and here if the facts alleged are true, as admitted by the demurrer, does it not seem just that the defendants acquiesce in the execution of the explanatory deeds requested by the plaintiff in order that the alienation made by them may have all the necessary effects that a sale of immovables made in good faith should have?

In view of all the foregoing, we do not think that it can be asserted that the court abused its discretion in failing

to impose the costs on the plaintiff, and therefore we are of opinion that the appeal should be dismissed and the judgment appealed from affirmed.